**Franko v. Newton Ransom Township**

524

*Thomas J. Ratchford, Jr.,* for plaintiffs.
*Gordon B. Simmon,* for defendant.

MUNLEY, *J.,* December 6, 1984—Pursuant to Rule 1033,[1] Pa.R.C.P., Plaintiffs seek leave of court to amend their complaint and add a claim for punitive damages.

In 1972, plaintiffs, Joseph and Judy Franko, purchased a one acre parcel of land along the Newton-Ransom Boulevard in Newton Township improved with a two-story family dwelling. Sewer and septic services are provided to the Franko home through an on-lot septic system and a well 200 feet deep.

Newton-Ransom Township (hereinafter the township), defendant herein, is a duly constituted municipality situated in Lackawanna County. Prior to 1972 the township acquired the land adjacent to plaintiffs' property and constructed a shed thereon. The township's property, being less than one acre, does not have water or sewerage. The township uti-

---

1. Pa.R.C.P. 1033 provides:

"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be offered or admitted."

lizes the property to store large quantities of salt, sand, cinders and calcium which it uses on its roads. Plaintiffs aver that these chemicals were not kept under any covering nor were they maintained in any bin or any other industrial device which would keep them out of direct contact with the soil, but were allowed to accumulate on the ground adjacent to plaintiffs' premises subject to all weather conditions and therefore, subject to permeating, draining, seeping and otherwise infiltrating into the ground. It is further contended that due to such circumstances these chemicals permeated and infiltrated into the ground and rendered the water supply unfit and detrimental to the health, safety and welfare of plaintiffs. Moreover, plaintiffs maintain that the chloride content of their water supply is almost five times that of the maximum levels proscribed by the Safe Drinking Water Act.

Plaintiffs contend that defendant's actions constitute a continuous trespass to their real estate by the on-going contamination of their wells and water supply and that this has resulted in a diminution of the real estate's fair market value as well as consequential damages flowing therefrom and, also, and more importantly, the loss of a pure and potable supply of water for drinking, consumption and use. Moreover, the township has been on notice as to this claim since a complaint, answer and a reply have been filed.

Plaintiffs base their claim for punitive damages on the fact that the contamination to their well and the ruination of their real estate is ongoing and that defendant has failed to correct or alleviate the condition causing this problem.

The defense opposes this motion contending that the claim is barred by defendant's status as a municipal corporation and further, that punitive dam-

ages are not authorized for a continuing trespass.

Pennsylvania shares the majority view that punitive damages are not intended to compensate the injured party but rather are imposed to both punish defendant and deter defendant and others from similar outrageous conduct. The rule of punitive damages as set forth in the Restatement (Second) of Torts §908 (1979) and the comments thereunder has been cited with approval and followed by the Pennsylvania Supreme Court, Chambers v. Montgomery, 411 Pa. 339, 344, 192 A.2d 355, 358 (1963) and cases cited therein, including Hughes v. Babcock, 349 Pa. 475, 37 A.2d 551 (1944). Section 908 (1) of the Restatement of Torts, provides:

"§908. Punitive Damages

(1) 'Punitive damages' are damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct and to deter him and others like him from similar conduct in the future."

Comment b to this section states in pertinent part:

"[T]hese damages can be awarded only for conduct . . . involving some element of outrage similar to that usually found in crime. The conduct must be outrageous, either because the defendant's acts are done with an evil motive or with reckless indifference to the rights of others." See also, Focht v. Rabada, 217 Pa. Super. 35, 268 A.2d 157 (1970). Moreover, as the Supreme Court observed in Hilbert v. Roth, 395 Pa. 270, 276, 149 A.2d 648, 652 (1959), "The right to punitive damages is a mere incident to a cause of action — an element which the jury may consider in making its determination — and not the subject of an action in itself."

A reading of plaintiffs' complaint indicates that the requisite elements for a punitive damage claim

are present in this factual situation. The contamination problem was created by the defendant township and their failure to take steps to remedy this plight shows a reckless indifference to the interest and welfare of plaintiffs.

Having determined that this situation warrants amendment of the complaint for a punitive damage claim, we must next address the issue posed by the legal status of defendant; to wit, whether or not, as a matter of law, punitive damages can be assessed against a municipal corporation.

Recognizing that the majority of states prohibit such recovery, our research indicates that Pennsylvania law is clouded on this issue. After consideration of the act, circumstances, and relations between the parties, we believe that the status of defendant should not bar plaintiffs from amending their complaint to seek punitive damages.

A federal district court decision, Hennigan v. Atlantic Refining Co., 282 F. Supp. 667, 682-83 (E. D., Pa. 1967), aff'd., 400 F.2d 857 (3d Cir. 1968), cert. denied 395 U. S. 904, 89 S. Ct. 1739 (1969), involved a wrongful death action against the City of Philadelphia and an oil company for the death of workmen killed in a sewer explosion. The jury found the city negligent in allowing gaseous vapors to accumulate in the sewer. Moreover, the jury awarded punitive damages against the city because the negligence of the city amounted to such a degree of reckless disregard for the safety of others.

On a motion for a new trial, the district court held that Pennsylvania law permitted a recovery of punitive damages against the City of Philadelphia. The court relied in part on an ordinance passed by the City of Philadelphia which waived immunity from tort liability for the city.

While a federal court's decision on state law is not

binding on a state court, our research indicates that there are no Pennsylvania appellate court decisions on this issue. However, in Young v. City of Des Moines, 262 N. W. 2d 612 (Iowa 1978) a jury returned a verdict against the City of Des Moines in an action for false arrest. The trial court held as a matter of law that punitive damages were not recoverable from a municipality. On appeal the Iowa Supreme Court reversed and held that "under proper circumstances punitive damages are recoverable in tort claim actions against governmental subdivisions." Id. at 622. The court reasoned that the recovery of punitive damages from a municipal corporation must be determined by applying the same legal principles as in actions against private corporations. Furthermore, the court rejected the public policy considerations supporting the majority view which prohibits a punitive damage award against a municipality stating that "[v]irtually the same objections have been made and rejected as to private corporations." Id. at 621. Additional reasons for permitting such an award were to deter oppressive peace officer conduct under the guise of official conduct and to force municipalities to be more careful in the selection and training of its employees. Moreover, the court interpreted the state's Tort Claims Act, Iowa Code Ann. §613A, as permitting such recovery.

Additional support for our ruling is Feingold v. SEPTA, et al., 8 Phila. 321 (1982); a case that arose out of a collision between a car operated by plaintiff and a bus owned and maintained by defendant Southeastern Pennsylvania Transportation Authority (SEPTA). The jury awarded plaintiff compensatory as well as punitive damages. In ruling on a motion for a new trial the court upheld the award of punitive damages holding that "as a matter of law,

the status of a municipal corporation does not render one immune to an award of punitive damages." Id. at 333. The court correctly noted that the doctrine of sovereign immunity had been abolished in Pennsylvania, see Ayala et al. v. Philadelphia Board of Public Education, 453 Pa. 584, 305 A.2d 877 (1973), and reasoned that Ayala was overruling authority for any Pennsylvania cases which relied upon the theory of governmental immunity to prohibit an award of punitive damages against a municipal corporation, e.g. Hermits of St. Augustine v. County of Philadelphia, 4 Clarke 120, 7 Pa. L. J. (1847) (where the Pennsylvania Supreme Court sitting at nisi prius (i.e. exercising original jurisdiction) held that punitive damages could not be awarded against a municipal corporation).

Moreover, there is nothing to suggest that the Pennsylvania legislature intended to prohibit an assessment of punitive damages against governmental subdivision. In fact, the Political Subdivision Tort Claims Act[2] (hereinafter the act) buttresses this assertion. The act provides a procedure for presenting tort claims against political subdivisions and substantially limits the tort liability of these entities. Notably the act neither prohibits a recovery of punitive damages nor authorizes the granting of such an award. Although the act insulates a municipality from liability from the wilful or malicious conduct of its employees, 42 Pa.C.S. §8542(a)(2), Pennsylvania has adopted section 908 of the Restatement, and so, malicious or wilful conduct is not a necessary prerequisite to an award of punitive damages — outrageous conduct is sufficient. Thus, this section, by itself, cannot be interpreted as prohibiting an award of punitive damages.

---

2. 42 Pa.C.S. §8541 et seq. (Purdon Supp. 1984), Act of October 5, 1980, P.L. 693, §221.

Additionally, 42 Pa.C.S. §8553, is entitled "Limitations on Damages" and subsection (c) "Types of losses recognized"[3] It can be reasonably interpreted that since the legislature used such specific titles and did not mention punitive damages, they may be recovered from a municipal corporation.

In holding that punitive damages are recoverable, as a matter of law, in a tort action against a municipal corporation, we recognize that whether an award will be made is a matter for the jury, subject to judicial review. Thus, plaintiffs at trial must show the requisite elements for such damages since an award cannot be based on mere speculation. See Hilbert v. Roth, supra.

In light of the above analysis we will enter an appropriate order allowing plaintiffs to amend their complaint.

## ORDER

Now, this December 6, 1984, it is hereby ordered that plaintiffs are given 20 days in which to amend their complaint to add a claim for punitive damages.

---

3. See Statutory Construction Act of 1972, 1 Pa.C.S. §1924 (although not controlling, section headings may be used to aid in the construction of statutes).